914 F.2d 1495
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald W. STRECK, Defendant-Appellant.
 No. 89-4055.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1990.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JARVIS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Donald W. Streck appeals his conviction for evasion of federal income taxes in violation of 26 U.S.C. Sec. 7201. For the reasons that follow, we affirm the district court on all counts but reserve judgment on defendant-appellant's allegation that the government used his immunized testimony to obtain the indictment against him. As to the immunity issue, we remand to the district court so that it may make the necessary findings of fact in accordance this opinion.
 
 I.
 
 2
 In Kastigar v. United States, 406 U.S. 441 (1972), the Supreme Court held that "[o]ne raising a claim under [18 U.S.C. Sec. 6002][1] need only show that he testified under a grant of immunity in order to shift to the government the heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources." Id. at 461-62. (citation omitted). This court has interpreted Kastigar to hold that the government must demonstrate that "its evidence against the witness is neither directly nor indirectly traceable to the immunized testimony." United States v. Pennell, 737 F.2d 521, 528 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985). In addition, recently in United States v. North, 1990 WL 100413 (D.C.Cir. July 20, 1990), the D.C. Circuit stated with respect to a district court's duty in a Kastigar hearing that
 
 
 3
 A district court holding a Kastigar hearing 'must make specific findings on the independent nature of this proposed [allegedly tainted] evidence.' Because the burden is upon the government, the appellant court 'may not infer findings favorable to it on these questions.' (citations omitted).
 
 
 4
 In reviewing a district court's determination that the government has satisfied its burden in a Kastigar hearing, we apply a clearly erroneous standard. United States v. Overmyer, 899 F.2d 457, 463 (6th Cir.1990). A finding is clearly erroneous when, despite evidence to support it, the reviewing court harbors a definite and firm conviction that a mistake has been made. Archer v. Macomb County Bank, 853 F.2d 497, 499 (6th Cir.1988). In the case before us the district court made no specific findings of fact for us to determine whether its findings as to the independent sources of the government's evidence were clearly erroneous or not. We therefore remand this issue to the district court so that it may make specific findings as the independent sources from which the government's grand jury evidence was derived.[2]
 
 II.
 
 5
 As to the defendant-appellant's other assignments of error regarding (i) the exclusion of certain defense evidence; (ii) the denial of Jencks Act materials;[3] (iii) the failure to present defendant's theory of the case in the jury instructions; (iv) the abuse of defense counsel in the presence of the jury; (v) providing inadequate time for defense counsel's summation; (vi) the admission of unduly prejudicial evidence and (vii) the improper argument by the prosecutor; we find them wholly without merit and affirm the district court summarily.
 
 III.
 
 6
 For the foregoing reasons we REMAND the immunity question to the district court and we AFFIRM the district court in all other respects.
 
 
 
 *
 Honorable James H. Jarvis, United States District Court Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 18 U.S.C. Sec. 6002 authorizes a grand jury of the United States, among other federal bodies, to grant use and derivative use immunity to witnesses before it. This provision gives rise to a remedy for the witness should the government seek to use evidence derived from the immunized testimony against the witness in a subsequent prosecution of the witness
 
 
 [2]
 The government's appellate arguments focus primarily on the inevitability of the discovery of the evidence that was presented to the grand jury although the district court did not base its determination on an "inevitable discovery" theory. Rather, the court held that there were "independent sources" from which the government's grand jury evidence derived. J.App. at 167. The "inevitable discovery" exception to the exclusionary rule for tainted evidence is very similar to the independent sources doctrine in that both seek to preserve the government's case if the tainted evidence would have been gotten by other lawful means absent error or misconduct. Nix v. Williams, 467 U.S. 431, 443 (1984). The "inevitable discovery" doctrine was articulated in the fifth amendment context in United States v. Martinez-Gallegos, 807 F.2d 868, 870 (9th Cir.1987), where the court held that in order for the government to prevail it must show by a "preponderance of the evidence that the disputed evidence would have been discovered inevitably by lawful means." Id. On remand, the district court may make its findings under either the "inevitable discovery" or the "independent sources" doctrine, but it should make clear which doctrine it is applying so as to avoid confusion on review
 
 
 [3]
 There appears to be some ambiguity among the parties and in the record as to whether Judge Rubin ever made a ruling after his in camera review of the workpapers of Revenue Agent Mary Kifer for Jencks Act materials. For the purposes of our review we will take Judge Rubin's silence as a denial of defendant's request for such materials. In addressing this appeal we have examined Agent Kifer's workpapers and find that they contain no Jencks Act material